BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

CHINHAYI COLEMAN CADET (CABN 194542)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7205
    FAX: (415) 436-7234
    chinhayi.cadet@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FELIPE ENRIQUEZ, <br><br> Defendant. | NO. CR 15-00375 EJD <br><br> PLEA AGREEMENT |

    I, Felipe Enriquez, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

### The Defendant's Promises

    1.    I agree to plead guilty to Count Six of the captioned Superseding Indictment charging me with distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). I agree that the elements of the offense are as follows: (1) I knowingly possessed cocaine; (2) with the intent to distribute it to another person.

    I agree that the maximum penalties are as follows:

PLEA AGREEMENT
CR 15-00375 EJD

| | | | |
|---|---|---|---|
| a. | Maximum prison term | | 20 years |
| b. | Maximum fine | | $1,000,000 |
| c. | Maximum supervised release term | | Life |
| d. | Minimum supervised release term | | 3 years |
| e. | Mandatory special assessment | | $100 |
| f. | Deportation | | |
| g. | Forfeiture | | |
| h. | Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and §862a. | | |

I acknowledge that pleading guilty may have consequences with respect to my immigration status if I am not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which I am pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and I understand that no one, including my attorney or the district court, can predict to a certainty the effect of this conviction on my immigration status. I nevertheless affirm that I want to plead guilty regardless of any immigration consequences that may result from my guilty plea, even if the consequence is my automatic removal from the United States.

2. I agree that I am guilty of the offense to which I am pleading guilty, and I agree that the following facts are true: On August 22, 2013, an individual arranged to purchase of 12 ounces of cocaine from my co-defendant and co-conspirator Miguel Angel Barreto-Mora for $3,400.00, and I delivered the cocaine to the individual for Barreto-Mora. The transaction took place inside the vehicle in the vicinity of 1800 West Bayshore Avenue, in East Palo Alto, California. I drove to and arrived at the meeting location as the sole occupant of the vehicle. The individual who purchased the narcotics got into the back driver's seat of the vehicle that I was driving. I handed the drugs to the individual, and the individual handed me the $3,400. The cocaine that I distributed during the August 22, 2013 transaction weighed 329.3 grams.

As part of the same course of conduct, or common scheme or plan, on July 5, 2013, I drove Barreto-Mora to a meeting, during which Barreto-Mora distributed approximately 4 ounces of cocaine to

PLEA AGREEMENT
CR 15-00375 EJD                              2

an individual in exchange for $1,300. The transaction took place inside the vehicle in the vicinity of 1800 West Bayshore Avenue, in East Palo Alto, California. I drove the vehicle, and Barreto-Mora was in the front passenger seat. The individual who purchased the narcotics walked up to and entered the back driver's side seat of the vehicle. The transaction took place while the individual was the car with Barreto-Mora and me. The cocaine distributed during the July 5, 2013 transaction weighed 115.59 grams. I agree that the total amount of cocaine attributable to me for purposes of relevant conduct is 444.89 grams.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court, as well as any aspect of my sentence, including any orders relating to forfeiture and/or restitution, except that I reserve my right to claim that my counsel was ineffective.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective. I also agree not to seek relief under 18 U.S.C. § 3582.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. I understand that by entering into this Agreement: (a) I agree that the facts set forth in Paragraph 2 of this Agreement shall be admissible against me under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including at trial, in the event I violate any of the terms of this Agreement, and (b) I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of this Agreement in such subsequent proceeding. I understand that the government will not preserve any physical evidence obtained in this case.

7. I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also understand that the Court is not bound by the Guidelines calculations below; the Court may

conclude that a higher Guidelines range applies to me, and, if it does, I will not be entitled, nor will I ask to withdraw my guilty plea. I further agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I agree that the Sentencing Guidelines offense level should be calculated as set forth below although I reserve the right to seek a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). I understand that the government is free to oppose any such request. The parties have reached no agreement regarding my Criminal History Category.

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(a)(5), (c)(9): (400 grams or more of cocaine) | | 22 |
| b. | Specific offense characteristics: | | None |
| c. | Amount of drugs: Cocaine | | at least 400 grams |
| d. | Safety valve: (If Probation finds that I meet the requirements of U.S.S.G. §5C1.2(a)(1)-(4) and the Government finds that I have truthfully debriefed with them within the meaning of § 5C1.2(a)(1)(5).) | | not eligible |
| e. | Minor role adjustment (U.S.S.G. § 3B1.2) | | -2 |
| f. | Acceptance of Responsibility: If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | | -3 |
| g. | Adjusted offense level: | | 17 |

8. I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision. I agree that, based on the nature of the offense and my criminal history, the Court should impose the following special condition of supervised release which is reasonably related to deterrence and rehabilitation:

      Special Condition (Searches)
The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

10. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in the Government's Promises Section below, but I will not be released from my guilty plea. I understand that the government will ask that I be remanded to the custody of the United States Marshal immediately upon completion of my guilty plea pursuant to 18 U.S.C. § 3143(a)(2).

11. I agree to forfeit my interest in the following property (hereinafter "subject property"):

    a.     $20,419.00 in U.S. currency, seized on or about September 19, 2015;

    b.     $9,885.00 in U.S. currency seized on or about September 24, 2015;

    c.     2013 Honda Accord with California registration 6ZFC983;

    d.     2014 Honda Odyssey with California registration 7BSZ004; and,

    e.     2007 black Toyota Camry with California registration 5WQF451.

I admit that the subject property was proceeds from unlawful drug trafficking, or facilitated unlawful drug trafficking, and thus is forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 853 and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853. I relinquish any and all right, title, and interest I may have in the subject property and agree that such right, title, and interest can be forfeited to the United States without further notice to me. I also agree I will not contest any administrative or judicial forfeiture

proceeding (whether criminal, civil, state or federal) which may be brought against said property. I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment or that the forfeiture proceeding was brought in violation of the statute of limitations.

I agree to abandon any interest that I may have and consent to the forfeiture, destruction and/or any other lawful and appropriate disposition of all firearms or contraband seized by any law enforcement agency investigation, including but not limited to the following:

    a.    Glock Model .40 caliber semi-automatic handgun, serial number NFX823; and,

    b.    ASM Model .44 caliber revolver, serial number D32125.

12. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

13. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

14. The government agrees to move to dismiss any open charges pending against the defendant in the captioned Superseding Indictment at the time of sentencing.

15. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Superseding Indictment.

16. The government agrees to recommend the Guideline calculations set out above, unless the defendant violates the terms of the Agreement above or fails to accept responsibility.

The Defendant's Affirmations

17. I agree that my participation in the District Court's Conviction Alternative Program is not appropriate and that I will not request to be considered for and will not participate in that program as a result of my convictions for these offenses.

18. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I

requested.

19. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

20. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: August 2, 2016

FELIPE ENRIQUEZ, JR.
Defendant

BRIAN J. STRETCH
United States Attorney

Dated: August 8, 2016

CHINHAYI COLEMAN CADET
Assistant United States Attorney

21. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated: August 8, 2016

ROBERT E. CAREY, JR.
Attorney for Defendant